UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RUBY REAL ESTATE I, LLC,

    Plaintiff,

vs.                                                                            Case No. 11-12754

ANDREW LEWIS, a California resident,              HON. AVERN COHN
and ANDREW ALAN LEWIS REVOCABLE
LIVING TRUST DATED JANUARY 4, 1984,
jointly and severally,

    Defendants.
_____/

**MEMORANDUM AND ORDER**
**DENYING DEFENDANTS' MOTION TO DISMISS FOR IMPROPER VENUE OR IN**
**THE ALTERNATIVE TO TRANSFER VENUE FOR CONVENIENCE (Doc. 9)**[1]

I. Introduction

This is a contract case. Plaintiff, Ruby Real Estate I, LLC, ("Ruby") brought this action against defendants Andrew Lewis ("Lewis") and Andrew Alan Lewis Revocable Trust dated January 5, 1984 (the "Trust," or together with Lewis, the "Defendants") for breach of contract and/or enforcement of a guaranty agreement. Briefly stated, Ruby is the assignee on a bank loan that was secured by a guaranty, as well as a mortgage note against real property. Ruby says the guaranty was breached when Defendants failed to pay the amounts due following a default on the loan.

Before the Court is Defendants' motion to dismiss for improper venue, or in the alternative to transfer the case to the District Court for the Northern District of California.

---

[1]Although originally scheduled for hearing, upon review of the parties' papers, the Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).

For the reasons that follow, the motion is DENIED.

## II. Background

The relevant facts as gleaned from the papers follow.

Ruby is a Michigan limited liability company. Lewis and the Trust reside and/or conduct business in the state of California. The borrower, a non-party, known as 977 E. 14 Mile Road, Cadence, LLC ("Borrower") is a Michigan limited liability company operating a commercial business in Michigan. On or about April 17, 2008, Borrower entered into a loan agreement with Citizens First Savings Bank ("Citizens First") in which Citizens First loaned the Borrower $11,360,000 (the "Loan"). The Loan was secured by a Mortgage Note ("Note") against real property located at 977 East Fourteen Mile Road in Troy, Michigan (the "Property") granted in favor of Citizens First. The Loan was also secured by a Guaranty, executed by the Defendants. On or about January 3, 2009, the maturity date for the Note was amended to January 17, 2011. On May 4, 2011, all right, title, and interest in the Loan was assigned to Talmer Bank who thereafter assigned it to Ruby, a wholly-owned subsidiary of Talmer Bank.

The Borrower defaulted on the Loan by failing to pay the amount due on January 17, 2011, the maturity date. On March 23, 2011, Ruby notified Defendants of the default and demanded that Defendants pay all amounts due under the Guaranty and/or the Loan documents. Defendants did not cure the default. Ruby sued, claiming breach of contract. Ruby says that Defendants have failed and/or refused to pay the amount due under the Guaranty and/or the Loan documents. Defendants then filed the instant motion to dismiss for improper venue or to transfer the case to the Northern District of California.

III.  Motion to Dismiss

A.  Improper Venue

Defendants first argue that venue is improper in this district and therefore the case should be dismissed.  Under 28 U.S.C. § 1391(a):

> A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in
> (1) a judicial district where any defendant resides, if all defendants reside in the same State,
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or
> (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

Because, as noted above, Defendants reside and/or conduct business in California, venue cannot be premised on section (a)(1).  However, a substantial part of the events giving rise to Ruby's claims can be said to have occurred in the Eastern District of Michigan, making venue appropriate under section (a)(2).  The Borrower who executed the Loan is a Michigan limited liability company operating as a landlord in Michigan.  The originating lender, Citizens First, was a Michigan banking institution.  The Loan was for a business in Michigan and payments were to be received in this district.  Further, the Property, located in Michigan, has been foreclosed by advertisement in Oakland County, Michigan.  This case is about Defendants' failure to make payments under the Guaranty, which secures the underlying Loan transaction involving a Michigan Property and business.

Moreover, Lewis was and is the manager of the Borrower.  According to Ruby, Lewis made repeated trips to Michigan during the course of the servicing of the loan,

which included overseeing the Borrower's business operations and his other, unrelated, business interests in Michigan. While Lewis says he negotiated the Guaranty over the telephone from California, that fact alone does not make venue improper.

B. Transfer Venue

1.

Defendants have alternatively moved for transfer of venue under 28 U.S.C. § 1404(a), which permits a district court to transfer "any civil action to any other district or division where it might have been brought." A district court, however, "has broad discretion to grant or deny a motion to transfer [a] case." Phelps v. McClellan, 30 F.3d 658, 663 (6th Cir. 1994) (quoting Cote v. Wadel, 796 F.2d 981, 985 (7th Cir. 1986)). The court gives deference to the plaintiff's choice of forum, and "unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." Stewart v. Dow Chemical Co., 865 F.2d 103, 106 (6th Cir. 1989) (quoting Gulf Oil Co. v. Gilbert, 330 U.S. 501, 508-09 (1947)).

To transfer an action under 28 U.S.C. 1404(a) the following criteria must be met: (1) the action could have been brought in the transferee district court; (2) a transfer serves in the interest of justice; and (3) transfer is in the convenience of the witnesses and parties. International Show Car Ass'n v. ASCAP, 806 F. Supp. 1308, 1310 (E.D. Mich. 1992). The following factors must also be considered: (1) the convenience of the parties; (2) the convenience of the witnesses; (3) the relative ease of access to sources of proof; (4) the availability of process to compel attendance of unwilling witnesses; (5) the cost of obtaining willing witnesses; (6) the practical problems associated with trying the case most expeditiously and inexpensively; and (7) the interest of justice. Id. at

1310 (citations omitted); Helder v. Hitachi Power Tools, 764 F. Supp. 93, 96 (E.D. Mich. 1991).

2.

Defendants argues that a transfer to the Northern District of California is warranted because: (1) the facts relating to the claim arose primarily in California; (2) the Trust was created under California law and therefore a California court is better situated to analyze a creditor's claim against the Trust; (3) between Ruby and Defendants, Ruby is best able to bear the cost of litigating in a foreign jurisdiction; (4); the Defendants' assets are owned and controlled in California.

Ruby says that the case should not be transferred because (1) sources of proof and witnesses are in Michigan; (2) although Lewis stated that he signed the Guaranty in California, he did not state where he signed other relevant loan documents, nor did he identify any witnesses or documents relevant to any defense he may raise; (3) Lewis has maintained continuous business contacts with this district and therefore is not burdened by defending a lawsuit in Michigan; (4) the Defendants failed to present facts to show that Ruby is best able to bear the cost of litigating in a foreign jurisdiction; (5) the Guaranty is to be interpreted using Michigan law; and (6) Plaintiff's choice of forum should be afforded deference.

3.

The Court agrees with Ruby. All of the primary events took place in Michigan. The underlying loan transaction was negotiated and closed in Michigan on a property located in Michigan. While Defendants reside and/or do business in California, they also chose to do business in Michigan and signed the Guaranty as security on a

Michigan-based property. Moreover, Lewis has traveled to Michigan for business related to the Loan. These facts weigh in favor of Michigan as the proper venue.

Further, sources of proof and witnesses are in Michigan. In order to show Defendants' were obligated as guarantors, Ruby must establish that the non-party borrower is in default of the underlying loan transaction. Many of the witnesses involved in the loan transaction are located in Michigan. The defaulting Borrower was a Michigan limited liability company located in Michigan. In addition, the initial loan was made by a Michigan bank before it was assigned to Ruby, who is also a Michigan company. Most of the documents that Ruby would use at trial are likely in Michigan. Accordingly, it would likely be more convenient for witnesses and discovery of documents if Michigan.

In the end, the case is about enforcement of a guaranty on a loan involving a Michigan business and a Michigan lender. Michigan clearly has the greater interest in the case. Under the circumstances, all of the relevant factors, particularly the interest of justice, weigh in favor of having the case proceed in this district.

SO ORDERED.

Dated: November 29, 2011

   S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, November 29, 2011, by electronic and/or ordinary mail.

   S/Julie Owens
Case Manager, (313) 234-5160

6